**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                              No. 4:07CR00133 JLH

ANDRE JEFFERSON                                                                         DEFENDANT

### OPINION AND ORDER

A jury convicted Andre Jefferson on four counts. He was convicted on Count 1 of possessing with intent to distribute more than 5 grams but less than 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1); on Count 3 of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); on Count 4 of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and on Count 5 of possessing with intent to distribute more than 5 grams but less than 50 grams of a mixture and substance containing cocaine base within 1000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1) and 860.[1]  The statutory term of imprisonment on Counts 1 and 5 was ten years to life.  The maximum term of imprisonment on Count 4 was ten years. The statute of conviction on Count 3 required a term of imprisonment of five years consecutive to any other sentence imposed.  The guideline range was 360 months to life.  The Court sentenced Jefferson to a term of imprisonment of 152 months on Counts 1 and 5 and 120 months on Count 4, all to run concurrent, and a term of imprisonment of 60 months on Count 3 to run consecutive to the terms of imprisonment on Counts 1, 4, and 5, which resulted in a total term of imprisonment of 210 months.  In imposing this sentence, the Court varied downward from the guideline range of 360 months to life, over the objection of the government.

---

[1] Count 2 related solely to Jefferson's co-defendant.

Jefferson appealed.  His lawyer filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  The Eighth Circuit held that because § 841(a) is a lesser included offense of § 860, the conviction for both offenses violated the double jeopardy clause and therefore remanded to this Court to vacate the judgment of conviction and sentence for the lesser offense.  On remand, this Court vacated the conviction on Count 1 but did not conduct a new sentencing hearing because the conviction on Count 1 did not affect the guideline calculation or the Court's ultimate determination of a sentence based on the factors to be considered pursuant to 18 U.S.C. § 3553(a).  Jefferson filed a motion to reduce his sentence, which this Court denied. Jefferson again appealed, and the Eighth Circuit summarily affirmed.

Jefferson has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, requires this Court to examine the motion promptly, and, if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the defendant is not entitled to relief, the Court must dismiss the motion and direct the Clerk to notify the defendant.  It plainly appears from Jefferson's motion and the remand of prior proceedings that Jefferson is not entitled to relief.  Therefore, the Court will dismiss the motion and direct the Clerk to notify Jefferson that his motion has been dismissed.

Jefferson's first ground for relief is that his lawyer was ineffective.  In his memorandum explaining the grounds for his motion, he argues that she was ineffective because she failed at each stage of the proceeding to recognize the double jeopardy issue.  Jefferson's second ground is that his conviction for violating 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional because the element used for the offense was dismissed.  His third ground is that he was denied his right of allocution in violation

of Rule 32 of the Federal Rules of Criminal Procedure because the Court did not conduct a new sentencing hearing after remand.  His fourth ground is that he was denied his Sixth Amendment right to counsel after remand.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.  Proving that the deficient performance prejudiced the defense requires a showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different.  *Id*. at 694, 104 S. Ct. at 2068.

Here, Jefferson cannot meet the second prong of the *Strickland v. Washington* test.  He cannot show a reasonable probability that, but for defense counsel's mistake, the result of the proceeding would have been different.  Although defense counsel failed to argue the double jeopardy issue either in this Court or on direct appeal, the Eighth Circuit conducted a *de novo* review and held that § 841(a) was a lesser included offense of the conviction on § 860 and therefore reversed and remanded for this Court to vacate the judgment of conviction and sentence for the lesser offense. On remand, this Court reviewed the presentence report and the transcript of the sentencing hearing and concluded that the sentence was not affected by the conviction on § 841(a).  The Court therefore vacated the conviction and sentence on Count 1.  Jefferson filed a motion for a reduction in his sentence, which was denied.  Jefferson appealed, and the Eighth Circuit summarily affirmed. Jefferson is in exactly the same position now as he would have been had counsel raised the issue.

3

Although the double jeopardy clause bars Jefferson from being convicted and sentenced on both Count 1 and Count 5, he could be tried for the lesser and the greater offense in the same trial.  *See United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005).  Consequently, the time to raise the issue would have been after the conviction but before sentence was imposed.  The failure to raise the issue changed nothing because Jefferson's sentence was not affected by the conviction on Count 1.

For the same reasons, Jefferson's third and fourth grounds for relief are without merit. Jefferson was represented by counsel at sentencing, and his counsel successfully advocated for a downward variance, over an objection from the government.  Before imposing sentence, the Court gave Jefferson the right of allocution.  After remand, no new hearing was needed and no new right of allocution was needed because vacating the sentence on Count 1 did not affect Jefferson's sentence.  Again, the sentence on Count 1 ran concurrent with the sentence on Count 5.  The additional conviction on Count 1 did not affect Jefferson's guideline range nor the Court's assessment of the factors under 18 U.S.C. § 3553(a).

Finally, Jefferson argues that the conviction for violation of 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional because the element used for the offense was dismissed.  Jefferson raised this issue in a motion filed on March 31, 2010.  The Court denied Jefferson's motion for a sentence reduction based on that ground in an order entered on April 6, 2010.  Jefferson appealed, and the Eighth Circuit affirmed summarily.  Therefore, this issue has been considered, and Jefferson's argument has been rejected.  Count 3 charged Jefferson with possession of a firearm in furtherance of the drug trafficking offense charged in Count 1.  Count 1 was a lesser included offense of Count 5 because it involved the same conduct.  The indictment did not allege that Jefferson possessed cocaine base

on two separate occasions, one when he was within 1,000 feet of a public school and another when he was farther away.  Rather, the indictment charged the same conduct under two different statutes, which was why the conviction on Count 1 had to be set aside.  Jefferson committed the offense charged in Count 1, but the conviction on Count 1 could not stand because Count 1 was a lesser included offense of Count 5.  Jefferson's argument that the conviction for violating § 924(c)(1)(A)(i) was unconstitutional because the element used for the offense was dismissed is without merit.

## CONCLUSION

Based upon the allegations in Jefferson's motion and the record in this case, it is apparent that Jefferson's motion is without merit.  Therefore, his motion is DENIED.  Document #113.  The Clerk is directed to notify Jefferson that his motion has been denied and to send him a copy of this Opinion and Order.   Jefferson has failed to make a substantial showing of the denial of a constitutional right, so a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

IT IS SO ORDERED this 2nd day of September, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE